UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 07-40094 |
| | ) | |
| TIMOTHY A. BROWN, | ) | Hearing Requested |
| | ) | |
| Defendant. | ) | |

MOTION TO SUPPRESS EVIDENCE

Now comes the Defendant, TIMOTHY A. BROWN, by his attorney, and pursuant to Rule 12(b)(3), Fed.R.Crim.P., moves this Court for the entry of an Order suppressing a) all items of physical evidence which were seized from the Defendant's motor vehicle by Trooper Fratzke of the Illinois State Police on September 23, 2007; and b) all statements which are alleged to have been made by the Defendant to Agents Thatcher, Seas, and Kuehl at the Geneseo, Illinois, Police Department on September 23, 2007.

As grounds therefore, the Defendant states as follows:

1.  That on September 23, 2007, at approximately 8:35 a.m., the Defendant was lawfully driving and operating his motor vehicle eastbound at or near milepost 20 on Interstate 80 in Henry County, Illinois, when the Defendant was stopped, seized, and detained during a traffic stop by Trooper Fratzke of the Illinois State

1

Police.

2. That Trooper Fratzke's initial stop of the Defendant's motor vehicle, and the resultant seizure and detention of the Defendant's person, were without a warrant, without the Defendant's consent, and without probable cause or reasonable suspicion that the Defendant had committed or was committing any criminal or motor vehicle offense. Delaware v. Prouse, 440 U.S. 648, 653-59, 99 S.Ct. 1391, 1395-99, 59 L.Ed.2d 660 (1979); United States v. Miller, 146 F.3d 274 (5th Cir. 1998); United States v. Green, 111 F.3d 515 (7th Cir. 1997); 625 ILCS 5/11-804.

3. That following the initial stop of the Defendant's motor vehicle, Trooper Fratzke unreasonably and unnecessarily prolonged the traffic stop by asking the Defendant questions that were unrelated to the purpose of Trooper Fratzke's traffic stop. United States v. Childs, 277 F.3d 947, 952 (7th Cir. 2002)(en banc); United States v. Mesa, 62 F.3d 159, 162 (6th Cir. 1995)(motorist's nervousness and inconsistent statements not sufficient to prolong traffic stop); United States v. Salvano, 158 F.3d 1107 (10th Cir. 1999)(motorist's nervousness, cross-country trip, and scent of evergreen did not justify continued detention); United States v. Brown, 188 F.3d 860, 865 (7th Cir. 1999)(nervousness alone not grounds for reasonable suspicion); United States v. Jerez, 108 F.3d 684, 693 (7th Cir. 1997)(criminal history alone not grounds for reasonable suspicion) . Moreover, during the course of the prolonged traffic stop, Trooper Fratzke retained possession and control of the

Defendant's driver's license and proof of insurance, and thereby prevented the Defendant from leaving the scene. United States v. Lambert, 46 F.3d 1064, 1068 (10th Cir. 1995)(officer's continued retention of motorist's driver's licence and vehicle registration for 20 minutes rendered traffic stop a seizure, and not a consensual encounter); United States v. Dortch, 199 F.3d 193 (5th Cir. 2000)(officer's continued detntion of motorist to wait for arrival of canine unit exceeded scope of original stop). Finally, while the Defendant was stopped, seized, and detained on the roadside, Trooper Fratzke, with the assistance of a drug detecting canine, searched the trunk and passenger compartment of the Defendant's motor vehicle, and as a result thereof, is alleged to have seized various items of physical evidence, including a quantity of suspected cocaine, marijuana, and United States Currency, which the Government will seek to use as evidence at the trial of this cause.

4. That Trooper Fratzke's search of the Defendant's motor vehicle and seizure of physical evidence were without a warrant; without the Defendant's consent; and without probable cause to believe that the Defendant's motor vehicle contained contraband. United States v. Lambert, 46 F.3d 1064, 1068 (10th Cir. 1995); United States v. Dortch, 199 F.3d 193 (5th Cir. 2000); Florida v. Royer, 460 U.S. 491 (1984). Furthermore, said trooper' search was not conducted pursuant to a valid inventory search policy of the Illinois State Police, nor was it conducted as a valid search incident to a lawful custodial arrest. Florida v. Wells, 495 U.S. 1 (1980);

United States v. Duguay, 93 F.3d 346 (7th Cir. 1996); United States v. Adams, 26 F.3d 702 (7th Cir. 1994).

    5.    That following Trooper Fratzke's search of the Defendant's motor vehicle and his seizure of physical evidence, the Defendant was arrested and transported to the Geneseo, Illinois, Police Department, where he was interrogated by Agents Thatcher, Seas, and Kuehl, and as a result thereof, the Defendant is alleged to have various oral statements which the government will seek to use as evidence against him.

    6.    That prior to interrogating the Defendant, Agents Thatcher, Seas, and Kuehl did not advise the Defendant that he had the right to remain silent; that anything he said or did could be used against him in a court of law; that he had the right to have an attorney present during the interrogation; and that if he could not afford an attorney, one would be provided him at no cost.

    7.    That the Defendant's oral statements to Agents Thatcher, Seas, and Kuehl were involuntary and were obtained in violation of the Defendant's rights secured under the Fifth Amendment to the United States Constitution. Miranda v. Arizona, 384 U.S. 436 (1966).

    8.    That all of the evidence that is the subject of this motion was seized and obtained from the Defendant in violation of the Defendant's rights secured under the Fourth and Fifth Amendments to the United States Constitution.

United States v. Duguay, 93 F.3d 346 (7th Cir. 1996); United States v. Adams, 26 F.3d 702 (7th Cir. 1994).

    5.    That following Trooper Fratzke's search of the Defendant's motor vehicle and his seizure of physical evidence, the Defendant was arrested and transported to the Geneseo, Illinois, Police Department, where he was interrogated by Agents Thatcher, Seas, and Kuehl, and as a result thereof, the Defendant is alleged to have various oral statements which the government will seek to use as evidence against him.

    6.    That prior to interrogating the Defendant, Agents Thatcher, Seas, and Kuehl did not advise the Defendant that he had the right to remain silent; that anything he said or did could be used against him in a court of law; that he had the right to have an attorney present during the interrogation; and that if he could not afford an attorney, one would be provided him at no cost.

    7.    That the Defendant's oral statements to Agents Thatcher, Seas, and Kuehl were involuntary and were obtained in violation of the Defendant's rights secured under the Fifth Amendment to the United States Constitution. Miranda v. Arizona, 384 U.S. 436 (1966).

    8.    That all of the evidence that is the subject of this motion was seized and obtained from the Defendant in violation of the Defendant's rights secured under the Fourth and Fifth Amendments to the United States Constitution.

9. That all physical evidence seized from the Defendant's motor vehicle, and all of the oral statements which he is alleged to have made to the officers, were the fruits of the unlawful stop, seizure, and prolonged detention of the Defendant's person, and the unlawful search of the Defendant's motor vehicle, and therefore, must be suppressed. <u>Wong Sun v. United States</u>, 371 U.S. 471, 479-84 (1963); <u>Brown v. Illinois</u>, 422 U.S. 590 (1975); <u>United States v. Sanchez-Jaramillo</u>, 637 F.2d 1094, 1099 (7th Cir. 1980).

WHEREFORE, Defendant requests the entry of an Order suppressing a) all items of physical evidence which were seized from the Defendant's motor vehicle by Trooper Fratzke of the Illinois State Police on September 23, 2007; and b) all statements which are alleged to have been made by the Defendant to Agents Thatcher, Seas, and Kuehl at the Geneseo, Illinois, Police Department on September 23, 2007.

TIMOTHY A. BROWN, Defendant

RICHARD H. PARSONS
Chief Federal Public Defender

/s/George F. Taseff
Ill. Bar Number: 6180419
Attorney for Defendant
Assistant Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: 309/671-7891
FAX:   309/671-7898

## CERTIFICATE OF SERVICE

      I hereby certify that on December 12, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the filing: Ms. Sara L. Darrow, Assistant United States Attorney, 1830 Second Street, Suite 320, Rock Island, IL 61201.

      /s/George F. Taseff
      Ill. Bar Number: 6180419
      Attorney for Defendant
      Assistant Federal Public Defender
      401 Main Street, Suite 1500
      Peoria, Illinois 61602
      Phone: 309/671-7891
      FAX:   309/671-7898